UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.: 11-11279

---

THE SAINT CONSULTING GROUP, INC.
    Plaintiff

V.

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY, INC.
    Defendant

---

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS EASTERN SECTION

    Pursuant to 28 U.S.C. Sections 1441 and 1446, and Local Rule 81.1, Defendant hereby removes the above-entitled action from the Superior Court Department of the Trial Court of Massachusetts for Suffolk County to the United States District Court for the District of Massachusetts. In support of this removal, the Defendant states as follows:

1.    The Plaintiff commenced a civil action against the Defendant in the Superior Court Department of the Trial Court of Massachusetts for Suffolk County, which action is docketed as Civil Action No. 11-2138-E ("the state court action").

2.    According to the Superior Court docket, the Complaint was filed on or about June 7, 2011. The Summons and Complaint were served upon the Defendant by certified mail letter dated June 24, 2011 and received by Defendant no sooner than June 27, 2011.

3.    This Notice of Removal is filed within 30 days after receipt of service of the Complaint, therefore removal is timely pursuant to 28 U.S.C. Section 1446(b).

4.    A true copy of the Complaint and the Summons as served upon the Defendant are filed herewith and the required filing fee has been paid via this court's ECF system ($350.00).

5.    This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(a).  Diversity of citizenship exists and the amount in controversy exceeds $500,000.00. The Complaint in the state court action seeks a declaratory judgment that the Defendant must defend and indemnify the Plaintiff in litigation in Illinois which seeks damages in excess of $10,000,000 (see *Complaint, par.* 42).

6.    The Defendant has not yet filed or served a responsive pleading in this matter.

7.    A copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court for Suffolk County and has been served upon Plaintiff's counsel, Jonathan Plaut, Esq.

8.    Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, the Defendant shall file certified or attested copies of all docket entries with this Court within 28 days.

WHEREFORE, Defendant respectfully requests that the state court action now pending against it in the Superior Court Department of the Trial Court in and for the County of Suffolk, Commonwealth of Massachusetts, be removed to this Court for all proceedings.

Respectfully submitted,
**ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY**
**By its Attorneys,**

Michael P. Roche   BBO#639357
Murphy & Riley, P.C.
101 Summer Street
Boston, MA  02111
617-423-3700
mroche@murphyriley.com

## CERTIFICATE OF SERVICE

I, Michael P. Roche, hereby certify that I have this day served a copy of the foregoing Notice of Removal by mailing a copy of same, postage prepaid to:

Jonathan Plaut, Esq.
Chardon Law Offices
One State Street, 12th floor
Boston, MA 02109

_____
Michael P. Roche

# **EXHIBIT A**

**CHARDON LAW OFFICES**

ONE STATE STREET, 12th FLOOR
BOSTON, MASSACHUSETTS 02109
TELEPHONE: (617) 451-3200
FACSIMILE: (617) 451-3555
WWW.CHARDONLAW.COM

Jonathan D. Plaut
Attorney-at-Law
jdplaut@chardonlaw.com

BY CERTIFIED MAIL

June 24, 2011

Endurance American Specialty Insurance Company, Inc.
Attn: David S. Cash
767 Third Avenue, 5th Floor
New York, New York 10017

Re:     The Saint Consulting Group, Inc. v. Endurance American Specialty Insurance Company, Inc.
        Suffolk Superior Court Civil Action No. 11-2138-E

Dear Sir:

This is to inform you that you are hereby being served as a defendant in the above entitled action
pursuant to M.G.L. Chapter 223A, Section 3. Please find enclosed the following documents:

        1)      Civil Action Cover Sheet,
        2)      Statement of Damages,
        3)      Complaint,

You must respond to the Complaint and the Summons in the manner provided by the Massachusetts
Rules of Civil Procedure. You may wish to consult with an attorney regarding your rights and
obligations in relation thereto.

Sincerely,

Jonathan D. Plaut

JDP/nfs

Enclosures

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 11-2138-E

The Saint Consulting Group, Inc.
_____, Plaintiff(s)

v.

Endurance American Specialty Insurance
Company, Inc.
_____, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Jonathan D. Plaut c/o Chardon Law Offices

plaintiff's attorney, whose address is One State Street, #1200 Boston, MA 02109 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the seventh day of June in the year of our Lord two thousand eleven.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 11/10

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| **CIVIL ACTION COVER SHEET** | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT | DOCKET NO. _____ |
|---|---|---|
| | COUNTY OF  Suffolk | |

| **PLAINTIFF(S)** THE SAINT CONSULTING GROUP, INC. | **DEFENDANT(S)** ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, INC. |
|---|---|
| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
| Robert Cohan, c/o Cohan, Rasnick, Meyerson, LLP BBO# 088300 617-742-1820 and Jonathan Plaut c/o Chardon Law Offices, One State St. #1200, Boston, MA 02109 617-451-3200 BBO# 638344 | |

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Insurance | F | (X ] Yes   ( ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
   1.  Total hospital expenses  $_____
   2.  Total doctor expenses  $_____
   3.  Total chiropractic expenses  $_____
   4.  Total physical therapy expenses  $_____
   5.  Total other expenses (describe)  $_____
                                   Subtotal  $_____
B.  Documented lost wages and compensation to date  $_____
C.  Documented property damages to date  $_____
D.  Reasonably anticipated future medical expenses  $_____
E.  Reasonably anticipated lost wages and compensation to date  $_____
F.  Other documented items of damages (describe)  $_____
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                              Total $_____

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

| Please see Complaint, filed herewith. | **TOTAL** | over $25,000 |
|---|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: 6/7/2011

A.O.S.C. 3-2007

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. _____

|  |  |
|---|---|
| THE SAINT CONSULTING GROUP, INC., | ) ) ) |
| Plaintiff | ) ) |
|  | ) |
| v. | ) ) |
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, INC., | ) ) ) |
|  | ) |
| Defendant | ) ) |

### STATEMENT OF DAMAGES

NOW COMES plaintiff, The Saint Consulting Group, Inc., and states that its damages in the above-referenced suit exceed $25,000.

Respectfully submitted,

THE SAINT CONSULTING GROUP, INC.
Plaintiff,

By its attorneys:

Robert D. Cohan, BBO: #088300
COHAN RASNICK MYERSON LLP
One State Street, 12th Floor
Boston, MA 02109
(617) 742-1820

and

Jonathan D. Plaut, BBO: #638344
CHARDON LAW OFFICES
One State Street, 12th Floor
Boston, MA 02109
(617) 451-3200

Dated:  June 6, 2011

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                  SUPERIOR COURT
                                              CIVIL ACTION
                                              NO. _____

| | |
|---|---|
| THE SAINT CONSULTING GROUP, INC., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| ENDURANCE AMERICAN SPECIALTY | ) |
| INSURANCE COMPANY, INC., | ) |
| | ) |
| Defendant | ) |

### COMPLAINT

## I.  INTRODUCTION

1.      The plaintiff is a consulting firm specializing in land use politics and in advocating for its clients in zoning and land use disputes. The defendant is an insurer which issued to plaintiff a professional liability insurance policy for its core business operations. The plaintiff has been sued in Chicago, Illinois, but the defendant has refused to defend or indemnify the plaintiff. The plaintiff asserts that the defendant is obligated under the terms of the defendant's policy to defend and indemnify the plaintiff. Further, even if no coverage exists under the terms of the policy, the defendant is nonetheless obligated to compensate the plaintiff for its defense costs and the amount of any judgment or settlement in the Illinois action because the plaintiff is being sued for its core business operations and it is precisely those operations for which the plaintiff sought insurance coverage from the defendant and the defendant was well aware of those core operations when it agreed to underwrite the policy and demand and receive substantial premiums thereunder. In defending against the underlying action, the plaintiff has

already expended over $800,000 in legal fees and costs which continue to increase. The plaintiff

brings claims for declaratory relief, breach of written contract, implied-in-fact contract and

contract by estoppel, breach of the implied covenant of good faith and fair dealing, negligence,

fraud, negligent misrepresentations, unfair and deceptive practices in violation of G.L. c. 93A,

and unjust enrichment. The plaintiff seeks declaratory relief to establish that the defendant is

obligated under the insurance policy to provide a defense in the Illinois action and

indemnification should the plaintiff be found liable in that action, as well as damages, including

multiple damages, attorney's fees and costs pursuant to G.L. c. 93A § 11 and G.L. c. 176D.

## II.   PARTIES

2.     The plaintiff, The Saint Consulting Group, Inc. ("Saint") is a Massachusetts

corporation with a principal place of business located at 99 Derby Street, Suite 100, Hingham,

Plymouth County, Massachusetts 02043.

3.     The defendant, Endurance American Specialty Insurance Company, Inc.

("Endurance") is a Delaware corporation doing business in Suffolk County, Massachusetts. The

registered agent for Endurance is located at 1209 Orange Street, Wilmington, DE 19801.

## III.   FACTS

4.     Saint is a consulting firm specializing in land use politics and in advocating for its

clients in zoning and land use disputes.

5.     Frequently Saint's clients seek to oppose large land development projects which

range from the construction of Wal-Mart superstores and oil refineries to quarries and landfills

throughout the United States, Canada and the United Kingdom. Saint's clients range from

neighborhood groups to large businesses trying to protect their geographical areas from the

economic, environmental, safety and quality of life harms that can arise from the introduction of

mega shopping centers and other large, invasive land uses.

6.    A portion of Saint's business is devoted to increasing public awareness of the harms that can occur from the introduction of invasive land uses and to encouraging and facilitating political, legislative, regulatory and legal action against those land uses.

7.    Saint uses a variety of advertising and public awareness methods to advance its clients' interests. These methods include the facilitation and organization of petition drives, phone banks, websites, media, e-mail writing campaigns, signholding protests, pickets and advertisements. Saint also advances its clients' interests by advising them with respect to municipal and state administrative, judicial, regulatory and zoning board processes which relate to the proposed objectionable land uses.

8.    Saint's business model and consulting services are described in detail on its website and in its promotional brochure. Saint's website, www.TSCG.biz, provides a detailed description of these services, including the following:

> The Saint Consulting Group wins controversial land use battles. As the world's leading experts in land use politics, we focus exclusively on ensuring that our clients' real estate projects are approved and their market share is protected. The unique political skills of our staff, ongoing training and development, competitive corporate culture, and passion for what we do are the foundation of our success.

9.    In or about September, 2008, Saint sought professional liability insurance from several insurers, including Endurance, to protect itself from lawsuits, claims and losses arising from its services.

10.    During the application process, Saint provided Endurance with documentation and information sufficient to enable Endurance to understand Saint's business practices and consulting services in detail, including but not limited to a copy of its promotional brochure and the URL to its website.

11.    Saint also completed and signed an Application for Professional Liability Insurance ("Application"), Exhibit A, appended, and submitted it to Endurance for approval and

underwriting. In that Application, at page 2, Saint disclosed that the professional services it

performed and for which coverage was desired were:

> Management consulting specializing in securing approval of zoning and land use for
> national and global clients and protecting such clients from unwanted competition.

12.  Saint also disclosed therein that 100% of its revenue was derived from the

provision of these professional services.

13.  Saint informed Endurance that it wished to purchase insurance with sufficient

policy limits to enable it to defend against possible protracted litigation brought against it by real

estate developers backed by major retail companies.

14.  After review of these materials and consultation with Saint, Endurance offered

Saint a claims-made professional liability policy (the "Policy"), Exhibit B, appended, with a

$25,000 deductible and a liability limit of $8,000,000.

15.  Saint purchased the Policy, Exhibit B, and made the monthly premium payments.

The Policy period ran from November 1, 2008 through November 1, 2009.

16.  Pursuant to the Policy, Exhibit B, Section I(A) and (B), Endurance agreed to

defend and indemnify Saint for any "Wrongful Act" defined under Section II(GG) to mean, "any

actual or alleged act, error or omission committed or attempted solely in the performance of or

failure to perform Professional Services" by Saint. Under Section II(X), "Professional Services"

means, "those services stated in Item 9 of the Declarations." Item 9 of the Declarations defines

covered Professional Services as:

> Advocacy consulting services including: analysis, strategic planning, research,
> recommendations, recruiting, organizing, support management and media
> communication.

17.  The Policy, Exhibit B, Section III(Q) excludes from coverage, "false, deceptive or

unfair business practices, violation of consumer protection laws, or false or deceptive

Advertisements, other than Personal and Advertising Injury." (Emphasis added.)

18.  Accordingly, pursuant to the Policy, <u>Exhibit B</u>, Section II(V)(1), Endurance also agreed to defend and indemnify Saint for, among other harms, "Personal and Advertising Injury" which is defined as:

> ...unfair competition, dilution, deceptive trade practices, false advertising or misrepresentation, wrongful publication, defamation, slander or libel, product or service disparagement, trade libel or other tort related to disparagement or harm to the reputation or character of any person or organization in the Media Communications or Advertisements of the Named Insured.

19.  Pursuant to the Policy, <u>Exhibit B</u>, Section I(B), Endurance has a duty to defend Saint against any claim to which the Policy applies, "even if any of the allegations of the Claim are groundless, false, or fraudulent."

20.  No claims were made against Saint during the initial term of the Policy.

21.  In October, 2009, Saint submitted to Endurance a <u>Renewal Application</u>, <u>Exhibit C</u>, appended. In this renewal, Saint again described its professional services in precisely the same language of its original <u>Application</u>, <u>Exhibit A</u>, quoted above in par. 11, and again also disclosed that 100% of its revenue is derived from the provision of these professional services.

22.  Endurance renewed the Policy, <u>Exhibit B</u>, and Saint continued to pay the monthly premiums on a timely basis.

23.  By underwriting the Policy, <u>Exhibit B</u>, renewing it, and demanding and accepting substantial premiums thereunder after being fully apprised of Saint's business practices, Endurance induced Saint to believe that the Policy, <u>Exhibit B</u>, covered claims made against it for its core business, and Saint therefore made no effort to seek or obtain insurance coverage elsewhere.

24.  On or about June 23, 2010, within the renewed term of the Policy, Rubloff Development Group, Inc. and Rubloff Mundelein LLC (collectively "Rubloff"), and McVickers Development LLC, McVickers New Lenox LLC, McVickers Cooper LLC, McVickers Hickory

Creek LLC, McVickers Tonnell LLC and McVickers Williams LLC (collectively "McVickers")

filed a Complaint, Exhibit D appended, against Saint and one of Saint's clients, SuperValu, Inc.

("SuperValu") in the U.S. District Court for the Northern District of Illinois, Civil Action

Number 10-CV-03917 (the "Illinois Action").

      25.     As alleged in the Illinois Action, Rubloff is a real estate development concern

which owns and develops properties throughout the Midwest.  Rubloff had obtained an option to

purchase and develop a certain 100-acre parcel of land in Mundelein, Illinois (the "Mundelein

Development").  Rubloff entered into agreements with Wal-Mart and others to develop, sell

and/or lease portions of the Mundelein Development with anticipated profits of more than

$20,000,000.

      26.     Also as alleged in the Illinois Action, McVickers is a commercial real estate

developer which acquired an option to purchase 73 acres in New Lenox, Illinois ("New Lenox

Development").  McVickers entered into agreements with Wal-Mart and others to resell portions

of the developed property with anticipated profits of more than $10,000,000 after construction of

the shopping center.

      27.     Rubloff and McVickers alleged in the Complaint, Exhibit D, par. 2, that;

[T]he materials in Plaintiffs' possession reveal that SuperValu secretly retained Saint
Consulting in order to harass and interfere with the Plaintiffs' proposed shopping center
developments, and many other developments, where Walmart stores were planned
because Walmart stores are a chief competitor of SuperValu's Jewel-Osco chain.
Through various unlawful conduct, including false statements and sham litigation, Saint
Consulting, acting at SuperValu's direction, interfered with and delayed the shopping
center developments planned by Plaintiffs, in some cases to the point where Walmart, as
the anchor store for these developments, pulled out. Defendants' wrongful conduct and
delay defeated the commercial purpose of these developments and caused tens of millions
of dollars in damages to Plaintiffs, including lost profits, out-of-pocket expenses, and
other damages.

      28.     In their Complaint, Exhibit D, Rubloff and McVickers brought claims against

both Saint and SuperValu for Declaratory Relief (Count I), Negligence: Spoilation of Evidence

(Count II) and Injunctive Relief (Count III). Saint has contested these claims and asserts that it properly engaged in lawful constitutionally protected activity.

29.     In the negligence count (Count II), Rubloff and McVickers sought money damages against both Saint and SuperValu. Complaint, Exhibit D, p. 14.

30.     The claims raised in the Illinois Action are claims against Saint to which the Policy, Exhibit B, applies and Endurance is therefore obligated to defend and indemnify Saint pursuant to the terms of the Policy, Exhibit B.

31.     One day after the Complaint, Exhibit D, was filed, Rubloff and McVickers filed a First Amended Complaint, Exhibit E, appended, wherein the negligence count (Count II) repeated verbatim the negligence count in the Complaint, Exhibit D.

32.     Saint promptly forwarded a copy of the Complaint, Exhibit D, and the First Amended Complaint, Exhibit E, to Endurance and requested defense and indemnification under the Policy, Exhibit B.

33.     By letter dated August 11, 2010, Endurance refused to defend or indemnify Saint without right or justifiable cause.

34.     Saint was therefore forced to hire local counsel in Chicago and proceeded to defend itself against the Illinois Action.

35.     Approximately three and a half months after the Complaint, Exhibit D, and the First Amended Complaint, Exhibit E, were filed, on or about October 14, 2010, Rubloff and McVickers filed a Second Amended Complaint, Exhibit F, appended.

36.     Saint promptly forwarded the Second Amended Complaint, Exhibit F, to Endurance and again requested defense and indemnification under the Policy, Exhibit B.

37.     By letter dated November 10, 2010, Endurance again refused to defend or

indemnify Saint without right or justifiable cause.[1]

38.     In the <u>Second Amended Complaint</u>, <u>Exhibit F</u>, Rubloff and McVickers allege that

the following facts give rise to liability:

> 20.     ... the purpose of the Enterprise [Saint and SuperValu] has been to delay or
> prevent Wal-Mart stores, including Wal-Mart Super Centers, from opening in
> various locations throughout the United States, including but not limited to
> locations within the state of Illinois. The members of the Enterprise seek to
> accomplish this purpose, and have accomplished it in many cases, by delaying or
> preventing the development of retail shopping centers and other properties
> planned to include Wal-Mart stores. The main *modus operandi* by which the
> Enterprise seeks to accomplish this is by instituting litigation, administrative,
> regulatory, and zoning proceedings, without regards to the merits of those
> proceedings, to impose costs on developers like Plaintiffs and delay or avoid
> competition from Wal-Mart stores.
>
> ...
>
> 24.     ... Mr. Saint provides an example of Saint Consulting's work particularly apt here
> in his book, *NIMBY Wars*:
>
> > ...The Saint campaign manager conducted a scope study, was able to find
> > several local citizens opposed to the expansion, and succeeded in
> > interesting some local union members who worked for the client and who
> > might be in jeopardy of layoff if the competitor stole their employer's
> > market share. The campaign manager organized the citizens, expanded
> > the group by word of mouth, engaged a lawyer to represent opponents at
> > public hearings, and began agitating against the project with signs, bumper
> > stickers, mailings, letters to the editor, petition drives, and patch-through
> > phone calls to members of the planning and zoning commission. He
> > packed the hall with project opponents at every monthly hearing, had his
> > citizen leader meet personally with planning and zoning members, and
> > raised issue after issue, all directed at stopping the expansion any way
> > possible...
>
> ...
>
> 28.     ... Saint Consulting hires local attorneys who then go out into the community to
> recruit residents as clients under the guise that the attorneys represent resident
> opposition groups...

---

[1] In the <u>Second Amended Complaint</u>, <u>Exhibit F</u>, Rubloff and McVickers no longer bring a count for negligence,
however the duty to defend and indemnify was triggered by the original <u>Complaint</u>, <u>Exhibit D</u>, and the claims made
in the <u>Second Amended Complaint</u>, <u>Exhibit F</u>, are covered claims.

39. On information and belief, the most significant delay tactic used by Saint Consulting, acting at SuperValu's direction, involved recruiting landowners near the Mundelein Development to file lawsuits attacking the Mundelein Development.

39. Thus, the conduct of which Rubloff and McVickers complain in the Illinois Action, albeit cast in self-serving pejorative terms, includes the precise type of land use, administrative, regulatory, zoning, media communications and public information consulting work which is Saint's core business and for which it sought insurance from Endurance in the first instance.

40. At the time the Policy, Exhibit B, was executed, on the date the Policy was renewed and on each date that Endurance demanded and accepted monthly premium payments by Saint, Endurance misrepresented to Saint that it would defend and indemnify Saint for claims such as those raised in the Illinois Action.

41. On or about February 4, 2011, Saint sent a letter to Endurance pursuant to G.L. c. 93A and G.L. c. 176D demanding defense and indemnification, but Endurance refused to do so.

42. Saint has incurred and continues to incur substantial attorney's fees and costs, and is exposed to claimed damages including $20,000,000 in lost profits to Rubloff, $10,000,000 in lost profits to McVickers, punitive damages, and attorney's fees and costs as sought in the Second Amended Complaint, Exhibit F, par 34 and 46.

## COUNT I
## DECLARATORY RELIEF

43. Saint realleges and incorporates by reference paragraphs 4 through 42 above, as if specifically set forth herein.

44. Saint and Endurance disagree as to their lawful rights under the Policy, Exhibit B, and an actual controversy exists with regard thereto.

45.     Saint seeks a declaration from this Court regarding its lawful rights under the Policy, <u>Exhibit B</u>, including but not limited to a declaration that Endurance has an obligation under the Policy to defend Saint against the claims raised in the Illinois Action and indemnify Saint for any judgment rendered against it.

## COUNT II
## BREACH OF WRITTEN CONTRACT

46.     Saint realleges and incorporates by reference paragraphs 4 through 45 above, as if specifically set forth herein.

47.     Saint has performed all of the agreements on its part required to be performed under the terms of the Policy, <u>Exhibit B</u>, between Saint and Endurance.

48.     Endurance breached its written contract with Saint by, among other things, failing and refusing to defend and indemnify Saint in the Illinois Action.

49.     As a result of Endurance's breaches of its written contract, Saint has suffered substantial damages as hereinbefore alleged.

## COUNT III
## BREACH OF IMPLIED-IN-FACT CONTRACT

50.     Saint realleges and incorporates by reference paragraphs 4 through 49 above, as if specifically set forth herein.

51.     Saint has performed all of the agreements on its part required to be performed under the terms of the implied-in-fact contract between Saint and Endurance.

52.     Endurance has breached its implied-in-fact contract with Saint by, among other things, refusing and failing to defend and indemnify Saint in the Illinois Action.

53.     As a result of Endurance's breaches of its implied-in-fact contract, Saint has suffered substantial damages as hereinbefore alleged.

10

## COUNT IV
## BREACH OF CONTRACT BY ESTOPPEL

54.    Saint realleges and incorporates by reference paragraphs 4 through 53 above, as if specifically set forth herein.

55.    Endurance's promises to defend and indemnify Saint against claims such as those raised in the Illinois Action were promises which Endurance reasonably should have expected would induce action on the part of Saint and which did, in fact, induce such action including but not limited to Saint's purchasing the Policy, Exhibit B, renewing it, paying substantial premiums thereunder, and refraining from seeking coverage elsewhere.

56.    As a result of Saint's reasonable reliance on Endurance's promises, such promises must be enforced to avoid injustice and Endurance should be estopped from denying their enforceability.

57.    As a result of Endurance's breaches of its contract by estoppel, Saint has suffered substantial damages as hereinbefore alleged.

## COUNT V
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

58.    Saint realleges and incorporates by reference paragraphs 4 through 57 above, as if specifically set forth herein.

59.    By reason of the foregoing, Endurance has breached the implied covenant of good faith and fair dealing which is implied in the relationship between Endurance and Saint and in the agreements between them.

60.    As a result of Endurance's breaches of the implied covenant of good faith and fair dealing, Saint has suffered substantial damages as hereinbefore alleged.

## COUNT VI
## NEGLIGENCE

61.    Saint realleges and incorporates by reference paragraphs 4 through 60 above, as if specifically set forth herein.

62.    Endurance owed Saint a duty to exercise due care in the negotiation, formation and execution of the Policy, Exhibit B, and in the defense and indemnification of Saint in the Illinois Action.

63.    Endurance breached its duty of care as hereinbefore alleged.

64.    As a result of Endurance's negligence, Saint has suffered substantial damages as hereinbefore alleged.

## COUNT VII
## FRAUD

65.    Saint realleges and incorporates by reference paragraphs 4 through 64 above, as if specifically set forth herein.

66.    Endurance made the misrepresentations set forth above in par. 23 and 40, above, to Saint with knowledge of their falsity and with the intent to induce Saint to rely thereon.

67.    In truth and in fact, Endurance knew that its representations were false when made.

68.    Saint relied upon these misrepresentations to its detriment.

69.    As a result of Endurance's fraud, Saint has suffered substantial damages as hereinbefore alleged.

## COUNT VIII
## NEGLIGENT MISREPRESENTATIONS

70.    Saint realleges and incorporates by reference paragraphs 4 through 69 above, as if specifically set forth herein.

71.    Endurance's misrepresentations were negligently made in breach of the duty of

care owed to Saint.

72.    As a result of Endurance's negligent misrepresentations, Saint has suffered substantial damages as hereinbefore alleged.

## COUNT IX
### UNFAIR AND DECEPTIVE BUSINESS PRACTICES

73.    Saint realleges and incorporates by reference paragraphs 4 through 72 above, as if specifically set forth herein.

74.    Endurance and Saint are both engaged in trade or commerce within the meaning of G.L. c. 93A, sec. 1.

75.    The acts and practices alleged above, including but not limited to (1) Endurance's failure and refusal to provide a defense and to indemnify Saint in the Illinois Action, and (2) accepting premiums from Saint under the Policy, Exhibit B, but then failing to provide coverage for claims arising out of Saint's core business operations, constitute willful and knowing unfair and deceptive acts and practices in violation of G.L. c. 93A, sec. 2 and G.L. c. 176D. Such conduct occurred primarily and substantially in the Commonwealth of Massachusetts.

76.    As a result of Endurance's unfair and deceptive acts and practices, Saint has suffered substantial damages as hereinbefore alleged.

## COUNT X
### UNJUST ENRICHMENT

77.    Saint realleges and incorporates by reference paragraphs 4 through 76 above, as if specifically set forth herein.

78.    Endurance has been unjustly enriched by its conduct resulting in harm to Saint as hereinbefore alleged.

## JURY CLAIM

Saint claims a trial by jury for all of the issues so triable.

WHEREFORE, SAINT RESPECTFULLY DEMANDS THAT THIS HONORABLE

COURT:

1.  Make a determination of the rights, duties, status or other legal relations between
    Saint and Endurance, and declare that Endurance has an obligation under the
    Policy, Exhibit B, to defend Saint against the claims raised in the Illinois Action
    and indemnify Saint for any judgment rendered against it thereunder;

2.  Order Endurance to defend Saint against the claims raised in the Illinois Action
    and indemnify Saint for any judgment rendered against it thereunder;

3.  Order Endurance to pay to Saint such damages as have been sustained in
    consequence of Endurance's violations of law;

4.  Order Endurance to pay to Saint two or three times such damages as have been
    sustained in consequence of Endurance's unfair and deceptive business practices,
    as well as reasonable attorney's fees and costs pursuant to G.L. c. 93A, §11; and

5.  Grant such further relief as may be equitable and just.

Respectfully submitted,

THE SAINT CONSULTING GROUP, INC.
Plaintiff,

By its attorneys:

Robert D. Cohan, BBO: #088300
COHAN RASNICK MYERSON LLP
One State Street, 12th Floor
Boston, MA 02109
(617) 742-1820

and

Jonathan D. Plaut, BBO: #638344
CHARDON LAW OFFICES
One State Street, 12th Floor
Boston, MA 02109
(617) 451-3200

Dated:  June 6, 2011